Samuel **ALVAREZ**, Plaintiff–Appellant,

v.

The **CITY OF NEWBURGH, NEW YORK**, et al., Defendants–Appellees.

Docket No. 02–9035–CV.

United States Court of Appeals, Second Circuit.

Sept. 27, 2005.

Daniel Doron, Nixon Peabody, LLP (Douglas F. Broder and Medea A. Myers, on the brief), for Plaintiff–Appellant.

Richard B. Golden, Burke, Miele & Golden, LLP, for Defendants–Appellees.

Present: MINER, WESLEY, Circuit Judges. and RAKOFF, District Judge.[1]

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **Affirmed.**

---

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff-appellant Samuel Alvarez filed a claim pursuant to 42 U.S.C. § 1983 against the City of Newburgh, the City of Newburgh Police Department, and Detective Peter Leach and Officer John LoCicero, alleging a violation of Plaintiff's rights. The district court dismissed the claim against the City of Newburgh and the officers in their official capacity, leaving intact only an excessive force claim against the two officers individually. The court subsequently granted the officers' motion to reconsider and dismissed the remaining claim on the ground that no individual capacity claim had been asserted. After undertaking *de novo* review of the district court judgment dismissing that claim, we now affirm.

The issue presented in this case is whether the Plaintiff asserted an individual capacity claim in addition to the official capacity claim. To resolve this issue, the Court must consider both the totality of the Complaint and the "course of the proceedings." *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). On two separate occasions during these proceedings, the Plaintiff's attorney had the opportunity to correct the defense's apparent understanding that this case involved only an official capacity claim. At the time the parties consented to have the case heard by a magistrate, Defendants' counsel indicated that he represented the "City of Newburgh, City of Newburgh Police Department, LoCicero and Leach in official capacity only." Plaintiff's attorney took no issue with that statement. Similarly, at a pre-trial conference with Magistrate Judge Smith at which both attorneys were present, Plain-

---

1. The Honorable Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

tiff's attorney offered no response to the defense's characterization of the case as "an official capacity only case."

While the nature of the pleadings should not turn on an opposing party's characterization of the case, *see Jessamy v. City of New Rochelle, New York*, 292 F.Supp.2d 498, 509 (S.D.N.Y.2003), a defendant's understanding of the nature of the claim, demonstrated by its asserted positions and defenses, is a valid consideration, *see Rodriguez v. Phillips*, 66 F.3d 470, 482 (2d Cir.1995). With these concerns in mind, and having reviewed the course of the proceedings, we are persuaded that Plaintiff did not assert an individual capacity claim.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby affirmed.